
## IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### December 3, 2016 Session

### TRACY VANN KNOCKE v. JAMES JOSEPH KNOCKE

**Appeal from the Circuit Court for Bradley County**
**No. V-15-461          Lawrence Howard Puckett, Judge**

_____

### No. E2016-01347-COA-R3-CV

_____

The Final Judgment of Divorce entered in this case reserved the issue of the division of any deficiency indebtedness resulting from the foreclosure of the parties' marital residence prior to the time of trial. The Permanent Parenting Plan, incorporated into the Final Judgment, also indicated that the precise amount of child support, as a portion of the total support payment ordered by the trial court, had yet to be determined. As such, it is clear that the order appealed from does not resolve all issues raised in the proceedings below. As a result of this jurisdictional defect, we lack jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J.; D. MICHAEL SWINEY, C.J.; AND CHARLES D. SUSANO, JR., J.

Alan R. Beard, Chattanooga, Tennessee, for the appellant.

Joshua H. Jenne, Cleveland, Tennessee, for the appellee.

### MEMORANDUM OPINION[1]

Upon review of the record for this appeal, this Court directed the appellant to show cause why this appeal should not be dismissed for lack of jurisdiction because there is no "final judgment adjudicating all the claims, rights, and liabilities of the parties" from which

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

an appeal as of right would lie. *See* Tenn. R. App. P. 3(a). Counsel for the appellant has filed a response to the show cause order, acknowledging that the final decree is deficient in that it fails to adjudicate all issues. However, counsel asks that rather than dismiss this appeal, this Court provide the parties with additional time within which to secure a final order resolving the deficiency.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). Because there are unresolved claims and issues in the proceedings below, this Court does not have subject matter jurisdiction to adjudicate this appeal. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). Although our Supreme Court in *Bayberry* remarked that there is "no bar" to the suspension of the finality requirements of Rule 3(a) pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure, there has been no argument made by counsel in this case that would support suspension of the requirements of the rule. *See id.* (noting that "there must be a good reason for suspension"). Moreover, the question exists whether such a suspension would be proper given developments in the law subsequent to *Bayberry*. *See Ingram v. Wasson*, 379 S.W.3d 227, 237 (Tenn. Ct. App. 2011) ("Lack of appellate jurisdiction cannot be waived.") (citing *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996)).

Inasmuch as this Court lacks jurisdiction to consider this appeal, the case is dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. Costs on appeal are taxed to the appellant, James Joseph Knocke, and his surety, for which execution may issue if necessary.

**PER CURIAM**